UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
LATASHA LOPER, : CASE NO. 1:18CV01888
:
    Plaintiff, :
:
vs. : ORDER
: [Resolving Doc. #6]
CUYAHOGA COUNTY CHILDREN :
AND FAMILY SERVICES, :
:
    Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Before the Court is the motion of Defendant Cuyahoga County Children and Family Services for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[1] *Pro se* Plaintiff Latasha Loper's complaint, brought pursuant to 42 U.S.C. § 1983, alleges discrimination, retaliation, intimidation, conspiracy, violation of the Fourth and Fourteenth Amendment, and lack of jurisdiction with respect to custody of Plaintiff's son.[2] Plaintiff asks the Court to investigate Defendant for misconduct, reprimand and remove Defendant staff, and award punitive damages in the amount of ten million dollars. Defendant's motion states that Plaintiff's complaint does not: (1) contain numbered paragraphs, (2) specify which of her factual allegations apply to which specific claim, (3) allege a coherent legal theory, or (4) provide Defendant with notice of the claims against it so that it may file a responsive pleading.[3]

---

[1] Doc. 6.
[2] Doc. 1-1.
[3] The motion also states that Plaintiff's complaint fails to state a claim upon which relief can be granted. It is unclear whether this statement is made as an alternative to Defendant's Rule 12(e) motion but, in any event, Defendant makes no argument in support of a Rule 12(b)(6) motion.

Case No. 1:18CV01888
Gwin, J.

Fed. R. Civ. P. 12(e) provides defendants with a remedy for inadequate complaints that are "so vague and ambiguous that the [defendant] cannot reasonably prepare a response." *Pro se* pleadings are held to less stringent standards that pleadings drafted by attorneys.[4] That said, Plaintiff's complaint must still meet the minimum notice pleading requirements of Fed. R. Civ. P. 8.[5] A motion for a more definite statement is appropriate where, as here, it is not possible to discern from the complaint which factual allegations support which claims for legal relief.[6]

Defendant's motion is granted. Plaintiff shall file an amended complaint addressing the defects identified in the motion (attached hereto) within fourteen (14) days from the date of this Order. Failure to comply with this Order may result in dismissal without further notice. If Plaintiff files an amended complaint, Defendant shall either file an answer, or a motion to dismiss and supporting brief, within fourteen (14) days from the date the amended complaint is filed.

IT IS SO ORDERED.

Dated: October 15, 2018　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[4] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[5] *See Whittle v. Proctor & Gamble*, No. 1:06-CV-744, 2007 WL 4224360, at *2 (S.D. Ohio Nov. 27, 2007) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).
[6] *Bostic v. Davis*, No. 15-CV-3029, 2017 WL 784814, at *2 (S.D. Ohio Mar. 1, 2017) (granting Rule 12(e) motion) (citing *In re Laurel Valley Oil Co.*, No. 05–64330, 2012 WL 2603429, at *2 (N.D. Ohio, July 5, 2012)).