UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
LATASHA LOPER,                                : CASE NO. 1:18CV01888
:
    Plaintiff,                              :
:
vs.                                           : ORDER OF DISMISSAL
:
CUYAHOGA COUNTY CHILDREN                      :
AND FAMILY SERVICES,                          :
:
    Defendant.                              :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In an Order issued on October 15, 2018, the Court granted the motion of Defendant Cuyahoga County Children and Family Services for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[1] The Court ordered *pro se* Plaintiff Latasha Loper to file an amended complaint, addressing the defects identified in Defendant's motion, within fourteen (14) days from the date of the Court's Order. Plaintiff was cautioned that "[f]ailure to comply with this Order may result in dismissal without further notice."[2] Plaintiff's deadline for filing an amended complaint has passed, and she has neither filed an amended complaint nor sought an extension of time to do so.

Fed. R. Civ. P. 41(b) authorizes involuntary dismissal of an action for failure to prosecute or to comply with a district court's orders,[3] and "recognizes the power of the district court to enter a *sua sponte* order of dismissal."[4] The Court considers four factors in determining whether to

---

[1] Doc. 7.
[2] *Id*.
[3] *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) ("Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.' This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'") (citation omitted).
[4] *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630 (1962)).

Case No. 1:18CV01888
Gwin, J.

dismiss an action for failure to prosecute: "'(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'"[5] No single factor is dispositive, although dismissal is proper "'where there is a clear record of delay or contumacious conduct.'"[6]

With respect to the first factor, more than fourteen (14) days have elapsed and Plaintiff has not complied with the Court's Order, or sought an extension of time to do so with an explanation as to why she could not comply within the Court's deadline. As to the second factor, the Court finds that the Defendant, having expended time and resources in the removing this case, and filing a motion for a more definite statement in an effort to understand Plaintiff's allegations against it, is prejudiced by Plaintiff's failure to respond to the Court's order to file an amended complaint.[7]

Regarding the third factor, the Order warned Plaintiff that failure to comply with the Court's Order may result in dismissal. Finally, the Order provided Plaintiff with specific instructions to achieve compliance, but she has not responded in any way. Because Plaintiff has disregarded the deadline and requirements of the Court's prior Order, the Court concludes that an alternative sanction would not be effective in achieving effective and efficient management of this case.[8]

---

[5] *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll,* 176 F.3d at 363).
[6] *Id*.
[7] *See id*. at 739 ("The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'") (quoting *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).
[8] *Knoll,* 176 F.3d at 362-63 (Rule 41(b) is a tool available to the district court to effect management of its docket and avoid unnecessary burdens on the court and opposing parties) (citation omitted).

Case No. 1:18CV01888
Gwin, J.

After considering all four factors, the Court exercises its discretion to dismiss this action pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's Order.[9] Accordingly, this action is dismissed and closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: October 30, 2018				*s/	James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE

---

[9] *Id*. at 363 ("A district court must be given substantial discretion in serving these tasks; accordingly, we review a district court's Rule 41(b) dismissal for abuse of discretion.").

.